UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 20-263(1) (DWF/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Matthew Jordan Hines, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Matthew Jordan Hines's *pro se* motion for compassionate release.  (Doc. No. 134.)  After Hines submitted his *pro se* motion, the Office of the Federal Defender filed a motion for appointment of counsel (Doc. No. 137), which the Court granted (Doc. No. 138).  Subsequently, the United States of America (the "Government") and Hines's newly appointed counsel submitted a joint motion for compassionate release.  (Doc. No. 139.)  For the reasons set forth below, the Court grants the motions.

## BACKGROUND

Hines was charged with conspiracy to distribute methamphetamine and possession with the intent to distribute methamphetamine on November 12, 2020.  (Doc. No. 1.)  He pleaded guilty to conspiracy to distribute methamphetamine on May 6, 2021.  (Doc. No. 73.)  On December 15, 2022, this Court sentenced Hines to a 124-month term of imprisonment to be followed by a five-year term of supervised release.  (Doc. No. 128.)

Hines is currently incarcerated at FPC Yankton with an anticipated release date of March 16, 2031. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 5, 2025).

Hines moves for compassionate release based on family circumstances. His wife recently underwent a heart transplant and requires a constant caregiver during her recovery. (Doc. No. 134 at 6.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction only "after [(1)] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(2)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Hines submitted a request to his warden on December 18, 2024. (Doc. No. 134-2 at 1-2.) Hines filed a motion for compassionate release with the Court on January 27, 2025. Therefore, the Court finds that Hines's motion is ripe for review.

Hines seeks compassionate release so that he may care for his wife who recently underwent a heart transplant. (Doc. No. 134-1 at 3.) She requires constant care and there is no other family member that is available to care for her during recovery. (Doc. No. 134 at 6; Doc No. 134-1 at 4.) The Government agrees that Hines's circumstances qualify as extraordinary and compelling reasons under § 3582(c)(1)(A)(i). (Doc. No. 139 at 1.)

Under the Sentencing Commission's Policy Statement, family circumstances qualify as an extraordinary and compelling reason when the defendant establishes "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G § 1B1.13(b)(3)(B). Hines submitted his wife's recent medical records as well as doctors' notes that demonstrate that she recently underwent a heart transplant and requires 24/7 care. (*See* Doc. No. 134-1.) Based on her medical records and doctors' notes, Hines's

3

wife is incapacitated. The Court has also received information from Hines and Hines's wife's mother that confirm that Hines is the only available caregiver. Given this information and the Government's agreement, the Court finds that extraordinary and compelling reasons warrant a reduction in Hines's sentence.

Next, the Court finds that Hines does not pose a danger to the safety of any other person or to the community. To start, his crime of conviction was not a crime of violence. Hines also has significant community ties, as demonstrated by the numerous support letters the Court received prior to his sentencing. (*See* Doc. Nos. 107, 114, 123.) These letters came from various people connected to Minnesota Adult and Teen Challenge, family members, previous employers, and family friends.

Hines has also demonstrated significant and commendable efforts to rehabilitate himself. First, prior to his self-surrender date, Hines completed Minnesota Adult and Teen Challenge's Long Term Program. (Doc. No. 114 at 1-2.) Second, he was successful while on pretrial supervision from December 9, 2020, through his self-surrender date of February 16, 2023. During this time, he not only completed the previously-mentioned treatment program, but also transitioned into a leadership role with the Teen Challenge Leadership Initiative, maintained his sobriety, and did not commit any other crimes. (Doc. No. 125.)

Furthermore, the Bureau of Prisons has granted Hines two furloughs during his term of imprisonment: The first to attend his father's funeral, and the second to travel and self-report to his current facility, FPC Yankton. His relocation to a federal prison camp also demonstrates that Hines poses a low, if any, risk to the community. To the

4

extent that any safety concerns remain, the Court finds that they will be mitigated by converting the remainder of Hines's term of imprisonment into an additional term of supervised release, as requested jointly by the parties. (Doc. No. 139 at 2 (citing 18 U.S.C. § 3582(c)(1)(A)).)

Lastly, the Court similarly concludes that granting Hines compassionate release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and otherwise consistent with the Sentencing Commission's Policy Statement. The Court does not minimize the seriousness of Hines's offense conduct. However, the Court finds that Hines has demonstrated a commitment to his own rehabilitation which ensures the Court of his continued success in turning his life around.

## CONCLUSION

For the reasons set forth above, the Court finds that Hines has demonstrated extraordinary and compelling reasons for a sentence reduction, that he does not pose a safety risk, that the § 3553(a) factors favor release, and that Hines's release is otherwise consistent with the Sentencing Commission's Policy Statement.

The Court would like to sincerely thank the United States Attorney's Office, the Office of the Federal Defender, and the United States Probation and Pretrial Services for the work they did to expedite Defendant's motion which serves the best interest of all parties including the interests of justice and the public interest.

The Court would like to commend the Defendant Matthew Jordan Hines for the work he did while on pretrial release and the efforts he has made while in the custody of the Bureau of Prisons which resulted in being granted two furloughs. Most importantly,

the Court is hopeful that his role as a caregiver for his wife will not only assist her in recovering from her heart transplant surgery, but will let the two of them and their families and friends live the life that they want to live which will serve not just their interest but the public interest and the interests of justice.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Matthew Jordan Hines's motion for compassionate release (Doc. No. [134]) and the Government and Defendant's joint motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. No. [139]) are **GRANTED**.

2. The Bureau of Prison is directed to immediately commence the process of releasing Hines given the urgent and complicated nature of his wife's post-transplant care.

3. Hines's sentence of incarceration is reduced to the time he has served, and the remainder of his 124-month term of imprisonment is converted to a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A). This term shall run from the day he is released from prison to March 16, 2031, the expected expiration of the imprisonment component of his sentence. At that point, his original, five-year period of supervised release shall commence.

4. The following additional special conditions of supervised release shall apply to the new term of supervised release:

      a.      The Defendant shall participate in a location monitoring program for a period to be determined by the Court in consultation with U.S. Probation and Pretrial Services once the Defendant is released and the Court is updated on his wife's situation and his responsibilities as a personal care giver. The Defendant shall be monitored using voice verification/radio frequency.

      b.      The Defendant shall be monitored under the following restrictions: The Defendant is restricted to his residence at all times except for employment; religious services; medical, substance use or mental health treatment; family medical appointments, especially his wife's medical appointments; or essential and discretionary leave activities as preapproved by the officer.

      c.      The Defendant shall not be required to pay the costs of participation in the location monitoring program; however, the Defendant shall pay all or part of the costs of equipment loss and damage, as directed by the Court and/or supervising officer.

5.    During both periods of supervised release, Hines shall also be subject to the terms and conditions listed in the December 19, 2022 Judgment (Doc. No. 128).

Dated: February 5, 2025              s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge